## IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

STEVISON INVESTMENTS, LLC    *
            **Plaintiff,**    *   **CIVIL ACTION NO. 2:21-cv-4416**
                          *
**vs.**                        *   **JUDGE**
                          *
**BLACKBOARD INSURANCE**    *   **MAGISTRATE JUDGE**
**COMPANY**                     *
           **Defendant.**   *   **JURY DEMAND**
                          *
                          *
* * * * * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes Complainant, Stevison Investments, LLC (hereinafter "Complainant" or "Stevison Investments"), and files its Complaint against Defendant, Blackboard Insurance Company (hereinafter "Defendant" or "Blackboard"), respectfully averring as follows:

### I.    PARTIES

1. Made Plaintiff herein is **Stevison Investments, LLC**, a limited liability company authorized to do and doing business in the State of Louisiana and the Parish of Calcasieu.

2. Made Defendant herein is **Blackboard Insurance Company**, a non-Louisiana insurance company authorized to do and doing business in the State of Louisiana and the Parish of Calcasieu, which may be served through the Louisiana Secretary of State.

### II.    JURISDICTION AND VENUE

3. Jurisdiction is proper in this Honorable Court pursuant to 28 U.S.C. § 1332 and 1441 because complete diversity of citizenship exists between the parties and because the amount in controversy is greater than the minimum jurisdictional amount.

4. Venue is proper in this Honorable Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District; Complainant resides in this District and the Properties that is subject to the dispute between Complainant and Blackboard is located in this District.

## III.     RELEVANT FACTS

### a.     Prior suit

5. On January 21, 2021, Plaintiff filed a Complaint for Damages against Defendant, seeking damages related to breaches of an insurance contract and for statutory bad faith penalties as delineated in La. R.S. §§ 22:1892 and 22:1973, *et al*.

6. The case caption for that matter is Stevison Investments, LLC v. Blackboard Insurance Company, WDLA No. 2:21-cv-00174.

7. At all times relevant hereto, Complainant owned the properties located at 645 Petro Point Dr., Lake Charles, LA 70607 and 650 Petro Point Dr., Lake Charles, LA 70607 (the "Properties").

8. At all times relevant hereto, Defendant provided a policy of insurance, Policy Number **HARDINS00001HIBP-17368-02** (the "Policy") to Complainant which covered the Properties against perils including wind, hail, and water.

9. The Properties were damaged severely as a result of Hurricanes Laura and Delta.

10. After inspecting the Properties, Defendant underpaid Plaintiff's claims substantially.

11. On January 21, 20201, Plaintiff, with scarce other options filed suit against Defendant for the recovery of the remaining amount of their damages.

### b.     The Settlement

12. The parties confected a confidential settlement agreement on November 3, 2021.

13. La. R.S. § 22:1892 imposes bad faith penalties on insurers who fail to adequately pay claims following satisfactory proof of loss within thirty (30) days.

14. Under the statute, Defendant had until December 3, 2021, to issue complete payment to Plaintiff.

15. Despite the language contained in La. R.S. § 22:1892, Defendant had only sent one payment to Plaintiff by December 8, 2021, totaling less than one-third of the total settlement agreement.

16. This check, written on November 19, 2021, failed to include the undersigned as a payee, in accordance with the settlement agreement.

17. The check unaccompanied by a letter or other communication, failed to identify any reservations taken by Defendant in tendering the amount.

18. Defendant made no other indication for its delay in tendering the remainder of settlement payments.

19. Only after the undersigned sent a draft of this Complaint for Damages on December 8, 2021, Defendant's counsel hand delivered the remainder of the settlement proceeds on December 9, 2021, to Plaintiff's counsel.

20. During the confection of the settlement agreement, the parties entered into a preliminary agreement via email.

21. The agreement required a full release, but made no mention of notary or witnesses being required to confect the release.

22. Both federal and state law allow for the acceptance of electronic signatures.

23. As a result, Plaintiff's representative, Heath Stevison, electronically signed the settlement agreement through a program, Vinesign.

24. In order to give Defendant's counsel more comfort that Plaintiff's representative, Heath Stevison, had signed the document (which is the only purpose that a witness and notary provision could rationally serve), an electronic signature service (Vinesign) was used with "gesture authentication."

25. As was explained to Defendant's counsel, that service randomly picks a gesture and instructs the signor to make that gesture and take a photograph of himself.

26. The service then automatically copied the photograph onto the last page of the authentication along with a description as to what gesture was requested, a "peace sign."

27. The last page also contains the typical electronic signature tracking information.

28. In the event Defendant contends the execution of the settlement agreement by Plaintiff's representative was somehow faulty, it waived all claims of the same when it tendered its partial settlement payment, as it did so with no further reservation.

## IV.    CAUSES OF ACTION

### a.    Bad faith

29. Complainant realleges and re-avers the allegations contained in preceding paragraphs, as if restated herein.

30. The parties confected a confidential settlement agreement on November 3, 2021, but Defendant has paid less than one-third of the settlement amount prior to the elapsing of the thirty-day period ascribed by La. R.S. § 22:1892.

31. Despite the parties' settlement agreement, Defendant failed to timely tender the full amount of the sum to Plaintiff or its counsel.

32. Upon information and belief, further evidence of Defendant's bad faith will be revealed through the discovery process.

33. La. R.S. § 22:1892 imposes bad faith penalties on insurers who fail to adequately pay claims following satisfactory proof of loss or settlements within thirty (30) days.

34. The actions and/or inactions of Defendant in failing to timely tender settlement proceeds to Complainant for the amount agreed to by the parties were arbitrary, capricious, and without probable cause – as those terms are used in conjunction with La. R.S. §§ 22:1892 and 22:1973, making Defendant liable for statutory bad faith penalties.

35. Complainant has incurred additional expenses in making repairs because Defendant failed to timely compensate it for its losses under the Policy.

36. Complainant incurred professional expenses, including expert and/or attorney's fees, to determine that Defendant wrongfully failed to adequately/timely pay on their claims under the Policy.

## V.    DAMAGES

37. Complainant realleges and re-avers the allegations contained in the preceding Paragraphs above, as if restated herein.

38. Defendant is liable to Complainant under the following legal theories:

   a. Bad faith claims adjusting practices, including, but not limited to, failing to issue the entirety of settlement proceeds within 30 days of the confection of the settlement;

   b. Any and all other legal theories of recovery that become apparent during the discovery process and proven at the trial of this matter.

39. As a result of Defendant's breaches of contract, bad faith claims adjusting, and other bad acts, Complainant has incurred the following, non-exclusive damages:

   a. Penalties delineated in La. R.S. §§ 22:1892 and 22:1973;

b.   Attorney's fees, other professional fees, and litigation costs associated with thebringing of this action; and

c.   Any and all other damages that are shown through discovery and/or proven at thetrial of this matter.

## VI.   JURY DEMAND

40. Complainant requests a trial by jury.

**WHEREFORE,** Complainant, Stevison Investments, LLC, prays that, Defendant, Blackboard Insurance Company, be served with a copy of this Complaint and be duly cited to appear and answer the allegations contained therein, and that after expiration of all legal delays and proper legal proceedings, there be a judgment entered in favor of Complainant, Stevison Investments, LLC and against Defendant, Blackboard Insurance Company, in an amount that will fully and fairly compensate Complainant pursuant to the evidence and in accordance with the law, all sums with legal interest thereon, from the date of judicial demand until fully paid, for all costs of these proceedings, and for all general and equitable relief.

**RESPECTFULLY SUBMITTED:**

Galen M. Hair, La. Bar. No. 32865
Madison Pitre, La. Bar. No. 38867
**HAIR SHUNNARAH TRIAL
ATTORNEYS, LLC.
d/b/a INSURANCE CLAIM HQ
d/b/a INSURANCE CLAIM
LAWYERS, INC.**
3540 S. I-10 Serv. Rd. W, Suite 300
Metairie, Louisiana 70001
Telephone: 504.684.5200
Facsimile: 504.613.6351
pitre@hairshunnarah.com

**Summons to Be Issued**