UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **STEVISON INVESTMENTS L L C** | **CASE NO. 2:21-CV-04416** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **BLACKBOARD INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is "Blackboard's Rule 12(b)(6) Motion to Dismiss" (Doc. 5) wherein Defendant, Blackboard, moves to dismiss Plaintiff Stevison Investments, LLC's ("Stevison") claims with prejudice either pursuant to the Rule 12(b)(6) or alternatively, Rule 56 of the Federal Rules of Civil Procedure.

## INTRODUCTION

In its original Complaint, Stevison alleges the following: On January 21, 2021, Stevison filed a Complaint for Damages against Blackboard related to damages for breach of an insurance contract and statutory bad faith penalties pursuant to Louisiana Revised Statute § § 22:1892 and 22:1973, *et al.*[1] Blackboard was the insurer of certain properties owned by Stevison and damaged by Hurricanes Laura and Delta.[2] Stevison alleged that Blackboard underpaid its damages.[3]

On November 3, 2021, the parties reached a settlement agreement. On December 8, 2021, payment was sent to counsel for Stevison for less than one-third of the total

---

[1] *Stevison Investments, LLC v. Blackboard Insurance Company*, Civil Action 2:21-00174 (W.D. La.).
[2] Doc. 1, ¶ ¶ 5–9.
[3] *Id*. at ¶ 10.

settlement agreement.[4] The check did not include counsel for Stevison as a payee in accordance with the settlement agreement.[5] Stevison alleges that full payment should have been made on December 3, 2021, which is 30 days after the parties reached a settlement agreement.[6]

On December 8, 2021, Stevison, through counsel, sent a draft of this lawsuit's Complaint for Damages. On December 9, 2021, counsel for Blackboard hand delivered the remainder of the settlement proceeds to counsel for Stevison.[7]

During the confection of the settlement agreement the parties entered a preliminary agreement via email. Stevison complains that during these negotiations, no mention was made that the settlement agreement had to be notarized and signed by two (2) witnesses.[8]

Plaintiff's representative, Heath Stevison, electronically signed the settlement agreement through a program called Vinesign.[9] The electronic signature service (Vinesign) was used with "gesture authentication."[10]

Stevison alleges that "[i]n the event Defendant contends the execution of the settlement agreement by Plaintiff's representative was somehow faulty, it waived all claims of the same when it tendered its partial settlement payments, as it did so with no further reservation."[11]

---

[4] *Id*. at ¶ 15.
[5] *Id.* at ¶ 16.
[6] *Id.* at ¶ 14.
[7] *Id.* at ¶ 19.
[8] *Id*. at ¶¶ 20–22.
[9] *Id.* at ¶ 23.
[10] *Id.* at ¶ 24.
[11] *Id.*at ¶ 28.

Stevison alleges that Blackboard was in bad faith due to untimely tendering the full amount of the sum of the settlement agreement to Plaintiff, or Plaintiff's counsel.[12] Stevison seeks penalties pursuant to Louisiana Revised Statutes § § 22:1892 and 22:1973, as well as attorney's fees, other professional fees, and litigation costs associated with bring this action.

## RULE 12(b)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted. The test for determining the sufficiency of a complaint under Rule 12(b)(6) is that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curium) citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, (1957).

Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. *Elliot v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989). The plaintiff's complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true. *Oppenheimer v. Prudential Securities, Inc.*, 94 F.3d 189, 194 (5th Cir. 1996). In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but

---

[12] *Id.* at ¶ 31.

challenges plaintiff's rights to relief based upon those facts." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992).

"In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations . . ." *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).

Under Rule 8 of the Federal Rules of Civil Procedure, the pleading standard does not require a complaint to contain "detailed factual allegations," but it "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S.Ct. 1955.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570, 127 S.Ct. 1955.

## **LAW AND ANALYSIS**

Blackboard has attached summary judgment evidence to its Motion to Dismiss and requests that if the Court cannot decide the motion pursuant to Rule 12(b)(6), that it be decided pursuant to Rule 56. The Court will consider Blackboard's motion pursuant to Rule 12(b)(6) because it is not necessary to consider the evidence presented with the motion. Consequently, there is no need to convert the motion to a motion for summary judgment.

Counsel for Stevison complains that there was no mention during the confection of the settlement that the final settlement agreement would have to be notarized and signed by two (2) witnesses. Counsel complains that it would have been difficult for Mr. Stevison to have the settlement agreement notarized.[13] The Court finds this very hard to believe considering that almost every attorney in the state of Louisiana is a Notary, and/or almost every law firm has a Notary employed in its office. Logically, if Plaintiff's counsel disagreed with the manner in which the settlement agreement was to be executed, he could have easily phoned counsel for Blackboard and requested that the settlement agreement be amended in conformity with his requests.

Be that as it may, because the settlement agreement itself required that it be Notarized and signed by two (2) witnesses, it was not properly executed and therefore, payment was not due on December 3, 2021, as suggested by Stevison's counsel.

---

[13] Plaintiff's opposition brief, at p. 8. Doc. 8.

## CONCLUSION

For the reasons set forth above, the Motion to Dismiss will be granted and this lawsuit will be dismissed with prejudice at Plaintiff's costs.

**THUS DONE AND SIGNED** in Chambers on this 10th day of February, 2022.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE